UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WHITCOMB, individually and on behalf of all others similarly situated,,

Plaintiff,

v.

CONTINENTAL CAFÉ, INC., d/b/a CONTINENTAL CANTEEN and CONTINENTAL SERVICES, jointly and severally,

Defendants.
_____/

Case No. 15-cv-12363

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS [22]**

**I. INTRODUCTION**

Wayne Whitcomb ("Plaintiff") commenced this collective action on July 1, 2015 against Continental Café, Inc. and Continental Services (collectively "Continental" or "Defendants"). *See* Dkt. No. 1. The Complaint alleged that the Defendants had violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, by failing to properly compensate overtime hours worked by employees. *Id.*

On November 13, 2015, the Defendants filed a Motion to Dismiss. *See* Dkt. No. 22. Plaintiff's Response was filed on December 23, 2015. *See* Dkt. No. 26.

The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **DENY** Defendants' Motion to Dismiss.

## II. BACKGROUND

Plaintiff Wayne Whitcomb was formerly employed by Defendants as a route driver. Dkt. No. 22 at 11 (Pg. ID No. 183). He was employed there from 1997 to 2015. Dkt. No. 26 at 5 (Pg. ID No. 249). Approximately twenty (20) other employees worked as route drivers and were assigned to Plaintiff's garage located in Sterling Heights. *Id.*

Route drivers are responsible for driving company vehicles over an established route to merchandise Continental's vending products and machines. *Id.* Essential duties include merchandising, inventory tracking, maintaining inventory levels, following recording protocol for inventory, collecting and recording out-of-date and rejected/unsold merchandise. *Id.*

Plaintiff was paid a starting salary, based on a 40 hour work week, of $34,000 per year. *Id.* at 6 (Pg. ID No. 250). In the last year of Plaintiff's employment, his salary and bonus totaled $40,066.75. *Id.* Plaintiff alleges that his paychecks did not reflect either his hours worked or the correct rate of pay. *Id.* Plaintiff alleges that he worked at least 50 hour work weeks, and often 60 hour work weeks. *Id.*

Despite Plaintiff's long hours, Plaintiff alleges he was never properly compensated for his overtime. In July of 2015, Plaintiff brought a collective action on behalf of himself and other route drivers at Continental alleging that Defendants had violated FLSA.

On October 5, 2015, Defendants served an Offer of Judgment on Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. Dkt. No. 22 at 11 (Pg. ID No. 183). The Defendants offered $14,019.90 and "reasonable attorney's fees, costs and expenses as the Court may determine are appropriate" in order to resolve the matter without the costs and burdens associated with further litigation. *Id.* The dollar amount was calculated by Defendants by allegedly "construing the facts most favorable to Whitcomb and determining the overtime he

worked and liquidated damages." *Id.* at 11–12 (Pg. ID No. 183–84). Plaintiff failed to respond or counter to the Offer of Judgment. *Id.* Defendants now argue that the Offer of Judgment mooted the Plaintiff's claim.

### III. LEGAL STANDARD

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Whereas a facial attack is a challenge to the sufficiency of the pleading itself, a factual attack challenges the factual existence of subject matter jurisdiction. *Id*. Where the motion makes a facial attack, the court must construe the petition's allegations in the light most favorable to the non-moving party and take the material allegations as true. *Id*. Conversely, on a factual attack, there is no presumption of truthfulness applied to factual allegations, allowing the court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

Here, Defendants attack the factual existence of subject matter jurisdiction based on the argument that Plaintiff's claim is moot. Therefore the Court is required to explore outside the face of the complaint, and must specifically make an inquiry regarding the Defendants' Offer of Judgment. *Compressor Engineering Corp. v. Thomas, Jr.*, 2015 WL 730081, *2 (E.D. Mich. 2015). "Where the Court is faced with such a factual attack 'the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.' " *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)).

"The 'heavy burden of demonstrating mootness' lies with the party claiming that the case is moot." *Id.* at *3 (quoting *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530–31 (6th Cir. 2001)). The Sixth Circuit recently summarized the issue:

> Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies," U.S. Const. art. III, § 2, cl. 1, "a cradle-to-grave

> requirement" that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case, *Fialka–Feldman v. Oakland Univ. Bd. of Tr.,* 639 F.3d 711, 713 (6th Cir.2011). The limitation requires a party who invokes the jurisdiction of the federal courts to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome" of the case. *Genesis Healthcare Corp. v. Symczyk,* —— U.S. ——, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) (quoting *Camreta v. Greene,* ——U.S. ——, 131 S.Ct. 2020, 2028, 179 L.Ed.2d 1118 (2011)). If after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

*Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 566-67 (6th Cir. 2013).

## IV. DISCUSSION

On October 5, 2015, Defendants served an Offer of Judgment on Plaintiff pursuant to Rule 68 by offering $14,019.90 and "reasonable attorney's fees, costs and expenses as the Court may determine are appropriate." Dkt. No. 22 at 11 (Pg. ID No. 183). Plaintiff failed to respond to the Offer of Judgment. *Id.* Defendants now move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction claiming that the claims are moot in the face of the unaccepted offer of judgment.

"To moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual." *Hrivnak*, 719 F.3d at 567. "An offer limited to the relief the *defendant* believes is appropriate does not suffice." *Id.* (emphasis added). "The question is whether the defendant is willing to meet the plaintiff on his terms." *Id.*

In this case, the Defendants did not collaborate with the Plaintiff in order to determine the total amount of damages requested by Plaintiff. Instead, the Defendants "calculated the amount for the Offer of Judgment by construing the facts most favorable to Whitcomb and determining the overtime he worked and liquidated damages." Dkt. No. 22 at 11–12 (Pg. ID No. 183–84).

Thus, the case resembles *Hrivnak* in that the Defendants are essentially offering what the defendants believe is appropriate.

However, in *Hrivnak*, the Plaintiff "asked for more than $25,000, reasonable attorney's fees and injunctive and declaratory relief." *Hrivnak*, 719 F.3d at 568. Here, Plaintiff Whitcomb has not laid out his prayer for relief in such specificity. Instead, in addition to reasonable attorneys' fees and costs, Plaintiff asks for: (1) a judgment in favor of Plaintiff and the FLSA Collective and against Defendants and awarding the amount of unpaid minimum wage and the amount of unpaid overtime calculated at the rate of one and one-half (1.5) of each employee's regular rate, as compliant with state and federal minimum wage laws, multiplied by all hours each employee worked in excess of forty (40) hours per week for the past three years; and (2) an order awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid minimum wage and overtime wages found owing to Plaintiff. *See* Dkt. No. 1 at 13–14 (Pg. ID No. 13–14).

The Plaintiff's brief argues that Plaintiff "consistently worked between 10–20 hours of overtime every week, resulting in damages ranging from approximately $274–$548 per week, totaling between $13,000–$26,000 per year." Dkt. No. 26 at 11 (Pg. ID No. 255). Over three years, Plaintiff argues that his reported wage loss ranges from "$39,000 to $78,000." Dkt. No. 26 (Exhibit 1 at ¶10).

Neither side provides much in the way of "evidence" to be weighed. Neither party has submitted any spreadsheets or tables detailing how each specific value was reached. Neither party provides a catalog of pay stubs or timesheets. However, at the very least, it does appear that there is a live controversy, which is all that is necessary to defeat the issue of mootness. *See*

*Hrivnak*, 719 F.3d at 568.[1] The Plaintiff does not need to prove the merits of his case at this stage in the litigation. As explained by the Sixth Circuit, "[t]o the extent some of [Plaintiff's] claims lack merit, ample mechanisms exist to force the issue, including some that do not require discovery. . . What [the Defendants] may not do is require the district court to address [the merits] in order to determine whether a Rule 68 offer of judgment as to *some* claims moots *all* claims." *Id.* at 570; *see also Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005) ("A bad theory (whether of liability or of damages) does not undermine federal jurisdiction.").

Defendants' reliance on *Compressor Engineering* and *Barcey v. Family Video Movie Club, Inc.*, 2013 WL 3271036 (E.D. Mich. 2013) is misplaced. In *Compressor*, the Defendants did not offer to pay the requested injunctive relief in their Rule 68 Offer. *See Compressor*, 2015 WL 730081 at *5 ("Rather, Plaintiff argues that Defendant Thomas's unaccepted offer of judgment failed to satisfy its entire demand because it did not offer injunctive relief against 'further violations' of the TCPA as set forth in Plaintiff's Amended Complaint."). The Court in *Compressor* reaffirmed the opinion in *Hrivnak*, that where "the defendants had failed to offer full relief to the plaintiff, the action was *not* mooted by defendants' offer of judgment." *Id.* (emphasis added).

In *Barcey*, the Defendants offered the full statutory amount of damages, but the Court noted that "the statute also provides that a person who willfully violates the statute 'is liable' to consumer for 'the costs of the action together with reasonable attorney's fees as determined by the court.'" *Barcey*, 2013 WL 3271036 at *3 (quoting 15 U.S.C. § 1681n(a)(2–3)). And, if the violation is willful, the court "may allow the consumer to recover punitive damages." *Id*. The

---

[1] Furthermore, considering the "burden of proving mootness" rests with the Defendants, presumably any ambiguities should be resolved in the Plaintiff's favor.

Court in *Barcey* held "Defendant's offer does not satisfy the plaintiff's entire demand," and denied the defendant's motion. *Id.* at *4.

The only way to dismiss a claim for mootness when the defendant has not offered the entirety of the plaintiff's demand is if the plaintiff's unfulfilled demands are so insubstantial that they appear to be "created solely to manufacture subject matter jurisdiction" or they are "so frivolous that it is beyond the scope of reason." *Compressor*, 2015 WL 730081 at *6. However, such a characterization does not appear to describe Plaintiff's claims in the present action.

Accordingly, finding that a live controversy still exists, the Motion will be denied as federal subject matter jurisdiction still exists.

## V. CONCLUSION

For the reasons discussed herein, the Defendants' Motion will be **DENIED.**

IT IS SO ORDERED.

Dated: January 13, 2016　　　　　　　　　　　　　　/s/Gershwin  A Drain
Detroit, MI　　　　　　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge